UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-10237-RWZ

PABLO RIVERA, JR.

v.

THOMAS DICKHAUT

ORDER

February 12, 2013

ZOBEL, D.J.

Petitioner sought a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent moved to dismiss on the ground that the statute of limitations had run and that the petition was mixed because two claims included in the petition's third ground for relief were unexhausted. The court allowed the motion without objection and entered judgment dismissing the petition, whereupon petitioner moved to vacate the order of dismissal (Docket # 12) and to amend the petition (Docket # 14). This court denied the motion to vacate as barred by 28 U.S.C. § 2254(i) and as futile. It then denied the motion to amend as moot.

Petitioner is barred by the AEDPA statute of limitations from seeking habeas corpus relief. His conviction was affirmed on direct appeal by the Appeals Court, and further appellate review was denied by the Supreme Judicial Court. His conviction became final, and the statute of limitations began to run, when the United States

Supreme Court denied certiorari in his case on June 25, 2007.

Petitioner filed a motion for a new trial in state court on June 18, 2008, only seven days before his one-year AEDPA statute of limitations would have run. See 28 U.S.C. § 2244(d)(1). A properly filed motion for state postconviction relief tolls the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(2). Respondent argued in his motion to dismiss that petitioner's motion for a new trial was not "properly filed," and so failed to toll the statute of limitations. But even if the motion for a new trial had tolled the limitations period, that tolling ended when the motion was denied on August 18, 2008. Petitioner then waited thirty-five days before filing a second motion for a new trial on September 22, 2008, well after the expiration of the seven days remaining in the limitations period.

Petitioner's second motion for a new trial was denied on May 26, 2009. All appeals from that denial were exhausted when the Supreme Judicial Court denied further appellate review on February 10, 2011.

Petitioner filed the instant petition on February 11, 2011. Even if petitioner's first motion for a new trial tolled the statute of limitations, there is no dispute that the time from the conclusion of his direct appeals to the filing of the first motion for a new trial was only seven days short of one year. Nor is it disputed that the second motion for a new trial was filed some four weeks after the statute of limitations had run.

Because I do not believe that this result is subject to serious debate, the certificate of appealability is DENIED. The motion by petitioner's counsel for leave to withdraw is ALLOWED, and the motion to appoint new counsel is DENIED WITHOUT

PREJUDICE. To the extent petitioner seeks to proceed in forma pauperis, that motion is ALLOWED.

|   |   |
|---|---|
| February 12, 2013 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE |